IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVORY WILLIAMS, ID # 881213,        )<br>          Petitioner,        )<br>vs.        )<br>        )<br>DOUGLAS DRETKE, Director,        )<br>Texas Department of Criminal        )<br>Justice, Correctional Institutions Division,        )<br>          Respondent.        ) | No. 3:04-CV-0007-L |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On May 28, 1999, petitioner pled guilty to theft of property valued in excess of $200,000, and received a thirty-five year sentence. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On February 12, 2001, the court of appeals affirmed his conviction. *See Williams v. State*, No.05-99-01408-CR, 2001 WL 115058, at *6 (Tex. App. – Dallas Feb. 12, 2001, pet. ref'd). On May 30, 2001, the Texas Court of Criminal Appeals refused his petition for discretionary review.

*Williams v. State*, No. 05-99-01408-CR, http://www.courtstuff.com/FILES/05/99/05991408.HTM (docket sheet information generated Apr. 18, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On June 17, 2002, petitioner filed a state petition seeking habeas relief that the Texas Court of Criminal Appeals denied on April 2, 2003. (Pet. ¶ 11.)

Petitioner filed the instant petition on December 23, 2003, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that (1) his attorney failed to request an instruction that limited consideration of evidence; (2) his attorney lacked firm facts on the case; (3) his attorney's closing argument was without any plausible basis; and (4) his attorney failed to inform him of plea bargain offered by the State. (*See* Pet. at 7-8.) To flesh out specifics regarding Claim 4, the Court sent petitioner a Magistrate Judge's Questionnaire (MJQ) that petitioner returned with answers on May 6, 2004. (See Answers to MJQ.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this instance, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on May 30, 2001; and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review – in this instance on August 28, 2001. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final on August 28, 2001. When he pled guilty in May 1999, he would have known the factual bases for the claimed failures of his attorney. In his answer to Question 1 of the MJQ, he indicates that he knew of the factual basis for his fourth claim in September 1997. He also indicates that he presented that claim in his petition for discretionary review on April 25, 2001. There is thus no question that petitioner knew the factual basis for his fourth claim before August 2001.

Because petitioner filed his December 23, 2003 petition more than one year after his conviction became final on August 28, 2001, a literal application of § 2244(d)(1) renders the filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on June 17, 2002, 293 days had elapsed since his conviction became final on August 28, 2001. The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on April 2, 2003. The AEDPA clock began to run again on April 3, 2003, and the time remaining in petitioner's one-year time period for filing a federal petition expired in June 2003, well before he filed the instant petition on December 23, 2003. Accordingly, the statutory tolling provision does not save the instant federal petition. Further, petitioner presents nothing that indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). The instant action thus falls outside the statutory period and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 26th day of August, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

									_____
									IRMA CARRILLO RAMIREZ
									UNITED STATES MAGISTRATE JUDGE